May I proceed, Your Honor? Please, go ahead. Good morning to the Court. My name is Glenn Neamey. I'm representing my client, Richard Samayoa. The issue before this Court, as Petitioner sees it, is a narrow one. Did you used to practice in California? Did I used to? Yeah, well, this is beside the point. I'm hearing a Boston accent. Your Honor, I hate having to begin my argument correcting the Court. This is a New York accent. Oh, I'm sorry. But I do. That's what I thought, too. Fayton, my grandson, brought me to the Boston area, so that's where I practice. And, yes, in a former life, I did indeed practice in the county of San Diego. Okay. And I know you're now in Salem. Okay. Thank you. Thank you, Your Honor, now that we have that cleared up. As I was saying, the issue before this Court is a narrow one, but one of some great importance to the 25 or so men, my client being one of them, who have exhausted all their appeals and are waiting for execution on California death row. The issue is the effect of an appointment by the State court for State clemency purposes upon the Federal appointment for State clemency purposes under 183599E. I want to ask you what happened here. So let's assume for a moment, I don't think he did this, that the district court had said, I find that your State counsel is sufficient, not just that you have State counsel, but that your State counsel is quite able. It's Brian Stevens, you know, the best in the business. Would he then – he would then be justified in not appointing Federal counsel to do clemency, wouldn't he? Your Honor, additional Federal counsel, because you already have Mr. Nimi. I am – I don't consider myself additional Federal counsel. Well, but that's – I'm sorry, Your Honor. But see, I'm trying to figure out whether we just have a procedural deficiency here or a legal problem. I think we have a legal problem, Your Honor, and the legal problem is this. In Petitioner's mind, by the enactment of 3599, Congress established an independent Federal interest in State executions. In this sense – But he has – he has a Federally appointed counsel who is, under the Act, plainly authorized to represent him in the clemency proceedings. That's Mr. Nimi. That's correct.  That's me.  Right.  So now the question is, you don't want to withdraw. No, I do not. Had you withdrawn – Well, we wouldn't be here. The District Court could have appointed additional – could have appointed somebody else. Now, what if the District Court had said, you're terrific. I know – you know, there's no reason why you shouldn't proceed with this. None of the reasons you give me for not proceeding as sole counsel are all that Under that circumstance, would the District Court have discretion to deny the application to appoint the Arizona FPD? I think the District Court now has discretion to deny it, but the District Court's – That's not what it did. Yeah. And that's my – that's my point. That's why I'm thinking this may be a procedural problem. The District Court said, I don't have any power to appoint additional counsel because you're already there. And, gee, the Act talks about appointing more than one counsel when necessary. You filed an application that said, I really can't handle this. It's not my cup of tea. You know, I'm a sole practitioner. There are other people much more expert in clemency. And you also said, and I think I want to pursue further habeas proceedings, but I'm running out of, you know – Well – And so given all that, shouldn't the District Court look at all that and say, okay, I need to make a determination under this circumstance whether additional counsel is needed? District Court never did that, right? Well, the District Court instructed me or at least suggested that I go over to McAllister Street and ask the California Supreme Court, can you please help me? Let's assume that's not needed. Let's assume you don't have to go back to McAllister Street. But what should – I guess I'm asking a different question.  What should we do in this case? Let's assume we think your position is right. Okay. Shouldn't we say to the District Court, your job under the Act is to determine whether or not Mr. Samoyoa has sufficient representation? If he doesn't, then you're entitled to appoint more people. If he does, if you determine that as a matter of fact, you don't have to appoint more people. Their job, Your Honor, is to make sure – the District Court's job is to make sure that Mr. Samoyoa has meaningful access to the clemency process. Our position is he does not have meaningful access at this point. Right. But nobody's ever – nobody's ever – no one has ever made that, I understand your position, you may well be right. But nobody's ever actually adjudicated that issue. What the District Court said was he has State counsel. That's presumptively good enough. What I believe the Court may be suggesting is that this is really an administrative matter more than anything else. That someone has to step up administratively and say, okay, either the Federal Court controls this matter under 3599e, or the State has to do it. You're misunderstanding my question. Okay. Then I am. And that's because I'm probably not good at phrasing. No, you're being clear. It's probably my lack of understanding. Let's assume that the Federal Court controls. Yes. Let's assume that you just walked in and said, gee, I'd like another lawyer. The District Court could well have said, well, tell me why present representation isn't sufficient. Correct? That's correct. Okay. The District Court – you went in and you gave reasons why you wanted another lawyer. The District Court said, I don't care about your reasons because you've also been appointed by the State. I disagree with that for purposes of my question. Now what must the District Court do? Doesn't it have to go back and look at your application and say, well, you're right, or you're wrong, and let me tell you why, and we can then review that? In fact, I have written down exactly what I would like the Court to do in this matter, this particular Court. What we need here is guidance. The District Court needs guidance. The defense bar needs guidance. And Lord knows I need guidance as to what happens next. So what I would ask the Court to do is remand this matter to the Southern District Court to make with the following instructions. That I, Glenn Emeigh, am indeed a federally appointed State clemency counsel under 3599e. That the existence of a State, the mere existence of a State appointment procedure has no effect on that appointment. And that the District Court should exercise its discretion in determining whether the appointment of co-counsel is reasonably necessary. That's the language of the statute. Scalia. Your formulation of the issue is much better than mine. That's precisely what I was asking you. Isn't that precisely what we should be telling the Court? Verrilli, that's precisely what you should be doing. I am not asking this Court to grant my request. This is not the business of this particular Court. The business of this Court, as I see it, is to tell the District Court you were wrong in these holdings. But you still have discretion. And the real question is to get to your position, we need to figure out how to read the Supreme Court's decision in Harbison. The narrative at the beginning of Justice Stevens' opinion says that the Tennessee Court doesn't have any proceeding, does not have any provision for this. That's just narrative in your view. That's not part of the holding. Verrilli, I understood, Your Honor. I understand what you're saying. So it's really the question is whether or not the narrative at the beginning is part of the holding at Harbison. That is why we're here. Yeah. Because Harbison, it is true that in Harbison there was no State proceedings. Right. And was that essential to the result? Our position is, Your Honor, this is a — I'm not sure whether it's difference without distinction or distinction without a difference. But any way you choose to phrase it, it has nothing to do with this case. There were four separate opinions in Harbison. Not one of them tied the lack of State process into what Congress has guaranteed. Yeah. And there's nothing in the statute that says anything about this. No, no. There is not. This is to a large extent a matter of first impression. But this is — But you — but this is different than Harbison in one way. Your application said, I'm also anticipating further Federal habeas proceedings. That's correct. I want to investigate them. I want to look into Miller claims or Atkins claims. That's correct. And that has nothing to do with Harbison. You're correct. And that has nothing to do with clemency. That's correct. And as I read your application, you said, but I lack the resources to do so and I need help. I was perhaps a little overly enthusiastic when I — Okay. But I'm reading your application in the light most favorable to you. And so why under those circumstances, if the judge finds that to be correct, clemency aside, he can appoint additional counsel. And if he does, as Harbison is quite clear, once that counsel is on board, they are authorized to also work on clemency proceedings. Yes. I just want to make one thing clear to this Court. I have been doing this now in one way or another for 30 years. My request is not — was not a casual one. It's not something I just came up with and said, gee, it sure would be nice to have somebody else sitting on it next to me because I don't like my hand being held. I believe that I have had the privilege of listening to this Court and listening to all the litigants and the interests of their clients. Since there is no more fundamental interest in God's creation than human life, I have to do everything I can to associate myself with people who can help me save my client's life. My client has exhausted all his appeals. His only hope of survival, of literal survival, is that the governor of the state of California will grant him mercy, because that's what clemency is all about. It's not a real litigation. And if I conflated the two in my — in either my briefings or in my request to the district court to begin with, I apologize. And in my 30 years of experience, I have come to the conclusion, after researching this matter thoroughly, that I need co-counsel in this matter to do the very best I can to save my client's life. And that's what it amounts to. The process in California Supreme Court does not allow for this. It is a totally different process. You don't set out a budget and say, this is what I would like done, and this is how much it's going to cost, and this is how much the experts are going to pay. That's not the way they work over there. You simply do it. And if you get compensated for it, that's wonderful. If you don't get compensated for it, well, that's not so wonderful. But the bottom line here is all I am asking for is an opportunity to go back before the district court, an educated district court that is being educated by this court, and I can say, Your Honor, I need — I need this. I need this to save my client's life. Yes. Yes, sir. I'm sorry. Is there a reason that the California Supreme Court would not be able to appoint the Arizona Federal Public Defender? There is nothing in the procedure, and it's not a statute. It's just a court procedure that allows for this. There's nothing in the court that allows for experts in clemency matters. It simply States 40 to 80 hours, whatever that means. And that is actually based upon the length of the record, which I'm always at a loss to understand what the length of an appellate record has to do with a clemency matter. Okay. Is there a reason that if the appointment came from the California Supreme Court as opposed to the Federal District Court that the Arizona Federal Public Defender could not do the work? I originally questioned that, that whether the California Supreme Court would be willing to, in effect, appoint an out-of-State agency. And I realized I didn't mention it in this argument because that would just be speculation on my part, Your Honor. I have no idea. I'm just, I'm just, I know what Harbison says. I know what 3599e says. I'm not sure what's in the mind of the seven learned people over there. That's why I'm here. So let me just understand your position, then. Do you think that your request for appointment of co-counsel triggers a new inquiry under A2 of the statute? Yes. I think it triggers an inquiry whether or not it's reasonably necessary in this particular matter. And reasonably necessary has been defined recently in a yes, this versus that. So if it's an A2 inquiry, the statute asks whether the defendant is or becomes financially unable to obtain adequate representation or investigative support, blah, blah, blah. So let's say we agree with you. Isn't the district court then going to basically be in the same position to say, well, you need to show me that you can't get adequate representation? You're saying that adequate representation includes the appointment of co-counsel. Go to the California Supreme Court. If they won't do it, then obviously come back. But until you've shown that you can't get it from them, how have you met your burden under A2? Well, Your Honor, the reason why I don't think that's even necessary, it's not necessary or advisable simply because, as I said, Congress has created this independent Federal interest under the Federal Constitution. And that is what I'm relying on. And frankly, Mr. Sammio is going to — Mr. Sammio is on death row. God only knows when the process is going to start and warrants are going to start to be signed. I don't have the time or the luxury to be bouncing from court to court seeing when this eventually is figured out. I want to get going now. I feel that the statute allows me to get going now. I completely understand. I'm not questioning that. But I guess, though, if you're conceding, though, that A2 is triggered, then I guess I don't — I don't see why the district court wouldn't be required to ask whether the California Supreme Court might be willing to do this. Because just — let's assume that the California Supreme Court had some standing reg that said, we're happy to appoint any out-of-state Federal public defender who would want to help in clemency proceedings. And so that revenue source was available. It seems to me if you came and made the request straightaway to the district court, the district court couldn't grant it. Well, all I can say about that, Your Honor, again, it's speculative and I have — all of us have waited for years for the California Supreme Court to act as if you — act as you suggested. It has not done so. I felt that in order to protect my clients' interests, the Federal pathway was the best way to take it. And that's why I went to district court. Unless the Court has any further questions, I thank you for your obvious attention and — Well, let's hear from the other side. And we've taken you over time, but we will give you a chance to respond. I appreciate that, Your Honor. May it please the Court, Robert Urbanski, Supervising Deputy Attorney General for the State. Both the State and Federal systems envision that Mr. Samaiola will have the benefit of counsel for purposes of clemency proceedings. Both the State and Federal systems have rules and requirements for the appointment of that counsel. The California Supreme Court has appointed Mr. Nemi to represent Mr. Samaiola in clemency proceedings. And for principles of comedy and federalism, if there's a request for additional or different resources, then the appropriate body to ask is the State court that appointed him. Why? I'm having difficulty with this case answering a very preliminary question. Why does the State care? No one's asking the State to spend an additional penny. All that Mr. Nemi is asking is that his client have an additional set of counsel when he does the clemency proceedings. What's your interest in preventing that? Your Honor, in terms of whether this comes out of the Federal wallet or the State wallet, Your Honor is correct. California doesn't have an interest in that. But when the request is rooted in a claim that what California is offering is somehow inadequate, that's a different story. Well, I'm not sure that's what it's rooted in. What it's rooted in is the Federal statute has certain standards of adequacy, and I'm not even going to talk about what California does. It may or may not be adequate. California, the Federal statute, according to Mr. Nemi, the Federal statute, according to Mr. Nemi, simply gives him the right. I don't see anything in the Federal statute that is addressed to whether or not the California proceedings are in compensation or adequate. The Federal statute just gives it to him. To be sure, in 3599, Congress is obviously concerned with a State inmate's ability to obtain adequate representation, even for purposes of a State clemency process. And that's exactly what A2 and subsection E get to. If Mr. Nemi quit, if he threw up his hands tomorrow and said, I can't do this anymore, District Judge, please appoint the recognized experts in this area, the habeas unit from the FPD in Arizona, would the District Judge have the power to do that? For purposes of State clemency, the answer is no. Isn't that what Harbison says? Harbison says you can. No, Your Honor. In Harbison, the Supreme Court clarified that what A2 covers is limited, and it only applies, it only provides for counsel when a State Petitioner is unable to obtain adequate representation.  It's financially unable. Yes, Your Honor. That's different from unable. Certainly, Your Honor. But the State court also provides counsel under those very same circumstances. And the intent behind the section is to ensure, says the Supreme Court, that an inmate isn't executed without meaningful access. As I read financially unable, what that means is he can't pay for it. It does not mean can't get it from California for free. But what Harbison said, it talked about an inability to obtain adequate representation. That being the concern, the intent behind 35. So under my hypothetical, Mr. Neamey quits. He's too good a guy to quit, but he's going to quit. And the Federal court appoints the FPD as his Federal counsel. Does the State, under that circumstance, have to appoint somebody new to be his clemency counsel? Or can it simply say, gee, the FPD is already there and they're working on the dime, they're fine with us? The State would appoint new clemency counsel, whether they appointed the Arizona Federal public defender is possible, I suppose. But it wouldn't be compelled to do that. See, I'm still having a difficult time figuring out what the State interest is in him not having additional Federal habeas counsel. I just, I'm at a loss to figure out why the State of California cares how many lawyers he has if the State's not paying for them. The State doesn't have an interest in the financial aspect of it all whatsoever. What the State is concerned with is whether we're going to read into Section 3599 a kind of oversight function. Well, but no, that's not the question. It's not an oversight of the State process. He's saying, I'm the lawyer appointed by the Federal court. I can't do this by myself. The Federal court hasn't ruled on that, but let's assume he's right. He can't do it by himself. If four people in private practice volunteered to help him, you wouldn't have any problem with that, would you? No, Your Honor. So we have a Federal agency who says, I'm happy to help him, no cost to the State. All I want, but my requirements are that the Federal court appoint me because I'm governed by Federal law. Why is that any different from your standpoint? The difference is that here what Mr. Neamey is saying is that I'm inadequate and there is a State court that has found him to be adequate and that has appointed him. No, it hasn't looked at this. Judge Watford's point may be one you want to address, which is whether he has to go to the State court first. Yes, Your Honor. But they haven't found him to be adequate, not after he's filed an affidavit that says, I don't have the time and money to do this. Well, the appointment order that was issued in 2002 from the California Supreme Court specifically stated that Mr. Neamey was appointed to prepare, in addition to the State habeas process, a clemency petition. Well, and he may have been perfectly adequate to do so in 2002 when he was young and had paying clients. But now he's in a different circumstance. We're 17 years later. And he says, I'm not adequate anymore to do this. I've been around the block several times. I recognize that clemency is a highly specialized area. I don't have the time and money. So must he go to the State court first and make that pitch before he goes to the Federal court? Yes, Your Honor. Where in the statute is that? The 3599A2 provides for counsel only when a petitioner is unable to obtain adequate representation. You keep leaving out the word financially. But if the State affords him adequate representation. No, I just read the language differently. When the defendant who is or becomes financially unable, that is to say when you have an indigent defendant, that's what that says. But the scope of counsel's appointment under A2 has to be informed in some sense by what States are providing. But you see, then you're reading that first lead-in paragraph by Justice Stevens and Harbison to say that's a condition of my holding. That is to say that the fact that Tennessee doesn't supply the counsel is necessary for the appointment of the Federal counsel. I don't read Harbison that way. Well, Harbison also talked about a situation recognizing in effect that there would be essentially exceptions to the general rule that an A2 appointment just continues for all purposes under subsection E. Harbison talked about in the event of a retrial. Now, certainly in one circumstance, of course, that's not a subsequent proceeding as the Supreme Court noted. But additionally, the Court noted that States are required to provide indigent defendants with counsel for those purposes such that the A2 appointment would be in effect inoperative for those purposes. Also, the Sixth Circuit in Erick v. Bell talked about a similar circumstance. So are you constitutionally required to provide clemency counsel? No, Your Honor. It's a function of the Supreme Court's practices and policies. Right. As far as I can tell, there's no rule or regulation or statute that does that. Correct, Your Honor. The Supreme Court could decide tomorrow that it doesn't want to provide counsel. It's a matter of policies and practices that it has operated by for I don't even know how long. Can I? Please go ahead. I just want to follow up on the question I posed to your opponent. So your position is that he does need to first go to the California Supreme Court and put this request to them. Yes. And if they say no, we think, Mr. Neamey, that as you were trying to say, you're quite adequate still, so we're not going to appoint new counsel. Then he can come back to the district court and make the case that actually I'm not adequate, and the district court would make an independent determination as to whether that's true or not? That would be a better case, Your Honor, yes. If that's exactly what's missing from the record. Wouldn't you be arguing in that case that the State determination was binding on the district court? We would, yes, Your Honor. However, at least. So basically you're saying the district court has no role in this at all. No, Your Honor. If there is some reason for Mr. Neamey or some record upon which he can show an  He's not trying to make a record. But he hasn't, Your Honor. Because the district court wouldn't let him. The district court said it doesn't matter. The State has an adequate procedure. And, you know. And so now you're saying go back to the State, exhaust that procedure, and that's not a bad argument. But then you say, and if he did, the Federal court would be bound by it. And so I'm saying the Federal court. Now you're saying there's no Federal role in this at all. The district court not only said that California provides adequate representation, it also said there is just a dearth of information on the record before the district court from which to conclude that anything that California has done or would do would be inadequate. Well, but what the district judge has said is I just, because of the appointment by California Supreme Court, I'm simply unable, I'm not going to investigate the question. But the district court also knows that Mr. Neamey has never asked the California Supreme Court for additional resources or different resources. I'd like to come back to Judge Hurwitz's, as it were, practical question. I don't see why the State is in any way or would be in any way harmed by the Federal district court appointing as co-counsel the Federal public defender from Arizona. Again, Your Honor, it would go back to the notions of comedy and federalism. In other words, this abstract notion of comedy. But what you're doing is, of course, making life much more difficult for Mr. Neamey and therefore much more difficult for his client for no benefit except this general sort of hand-waving toward comedy. Is that correct? Your Honor, all we're asking is that life doesn't have to be that much more difficult for Mr. Neamey. It's simply that the appropriate body to make the request for it is the California Supreme Court. Well, it might make it much more difficult, depending on what the California Supreme Court does. And that's one more procedural step he has to go through. And I expect that when he goes before the California Supreme Court, you might argue that he's perfectly adequate all by himself. Your Honor, but the California Supreme Court is an entity that knows the clemency system in its state, that knows what's entitled, that knows what agencies and resources are available to Mr. Neamey. But there's no California statute. There's no constitutional requirement. This is entirely up to the discretion of, as it were, almost an administrative order of rule within the California Supreme Court. And here we have a statute that's actually quite specific that says nothing about having to go find out about the adequacy of state counsel for this purpose. It's an administrative policy of the California Supreme Court that is always adhered to in cases with condemned inmates. And it's – I understand that. But the California Supreme Court might have a different view as to what's necessary for the appointment of counsel. And you're sending him off there, despite the fact that I see nothing in the statute that requires that you go to the state for this purpose. Your Honor, what the federal statute requires is an inability to obtain adequate representation. And what the Supreme Court tells us – Inability because of financial – we all agree he's indigent, right? Yes. And so that triggers the ability of the federal court to appoint counsel. Yes. Right? Correct. Doesn't that – isn't that all that the statute says? The statute says if you're indigent, I can appoint counsel. He's indigent. They've appointed counsel. The statute also says I can appoint one or more counsel. He's indigent. Why can't they appoint one or more counsel? And the statute says you can do it for clemency. Yes. That's correct, Your Honor. What more do we need to know? But, again, I would point back to the Harbinson example of what happens in the case of a new trial where states are required. Oh, yeah, but that's not this case. That's correct, Your Honor. But here the state affords counsel. And this might be a different case if Mr. Neamey goes to the California Supreme Court, makes a request, makes a request for additional resources, and the California Supreme Court says no. So you think there's an exhaustion requirement in this statute? In a sense, yes, Your Honor. You're reading it into it. It's not – it's not – you agree it's not there expressly. It is not there expressly, Your Honor. But in Harbinson with the new trial example, in Eric v. Bell with the state competency example, there's an – Well, the Harbinson's new trial example is merely to say, well, listen, there's no parade of horribles coming along here. Under the new trial, that's a different question. Well, the court specifically said that the state is going to supply new counsel. And that's a difference from the general rule. And I say – and that's not in the statute. We're not reading the statute to do that. That's a different question. They're just saying what we're saying here is limited in its consequence. And don't worry that this is all of a sudden going to produce federal employment under this statute for the new trial. That's a different question. That's all Harbinson is saying. I think it's saying that there is a federal appointment for some purposes and where the state has – affords counsel for particular purposes, that informs the scope of the federal A2 appointment. In this case, what Mr. Nemi is asking essentially is for the federal court to oversee the California Supreme Court and what it might provide. And there just hasn't been a showing of any need for that kind of oversight. This is only based on an unsubstantiated argument of what the state court might not provide. And that kind of a speculative request is inconsistent with principles of comedy and federalism and affects California's interest in stewarding its clemency process, unless the court has further questions. Thank you. Thank you. Nemi, would you put two minutes on the clock, please? Well, it won't take two minutes, Your Honor. While I am somewhat tempted to discuss the correlation between adequacy and maturity, I am not going to do so. This Court fully understands the issues. There is nothing I could possibly add to the questions and concerns of this Court. Mr. Sammaioa, thank you very much for your time and attention, and we await your decision. Thank you. Thank you very much. Thank both counsel for their arguments. Sammaioa v. Davis submitted for decision. And that concludes our argument for this morning. Now, we're adjourned. I had thought there were going to be students here to talk to afterwards, but they seem to have disappeared.
judges: W. Fletcher, Watford, Hurwitz